**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MINDY WESSINGER,**

                             **Plaintiff,**

      **vs.**                                             **5:14-cv-00175
(MAD/TWD)**

**OSI RESTAURANT PARTNER'S LLC,**

                             **Defendant.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**MINDY WESSINGER**
4279 Altair Course
Liverpool, New York 13090
Plaintiff _pro se_

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff commenced this action _pro se_ on February 21, 2014, against OSI Restaurant Partner's LLC. _See_ Dkt. No. 1. Plaintiff asserts claims pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634(b), as amended, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e _et seq_. Specifically, Plaintiff alleges discrimination in employment on the grounds of age and religion, sexual harassment, hostile work environment, and retaliation. _See_ Dkt. No. 1.

In a May 8, 2014, Order and Report-Recommendation, Magistrate Therese Wiley Dancks granted Plaintiff's application to proceed _in forma pauperis_ and reviewed the sufficiency of the complaint. _See_ Dkt. No. 3. Specifically, Magistrate Judge Dancks recommended that the Court dismiss Plaintiff's claims under the ADEA, her claims under Title VII for sexual harassment, and her Title VII claims for retaliation and termination based upon religious discrimination, without

prejudice and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). *See id.* Further, Magistrate Judge Dancks recommended that the Court require Defendant to respond to Plaintiff's Title VII hostile work environment claim based upon her claim of religious discrimination. *See id.* Plaintiff has not objected to the Order and Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states

that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Dancks provided Plaintiff adequate notice that she was required to file any objections to the Order and Report-Recommendation, and specifically informed her that failure to object to any portion of the report would preclude her right to appellate review. *See* Dkt. No. 3 at 26. Specifically, Magistrate Judge Dancks informed Plaintiff that "**FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e)." Dkt. No. 3 at 26.

Having reviewed the Order and Report-Recommendation, Plaintiff's complaint and the applicable law, the Court finds no clear error in Magistrate Judge Dancks' recommendations and hereby affirms and adopts the Order and Report-Recommendation as the opinion of the Court.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation (Dkt. No. 3) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint in this action be **DISMISSED without prejudice** and with leave to amend, **EXCEPT** Plaintiff's hostile work environment claim based upon her claim of religious discrimination under Title VII; and the Court further

**ORDERS** that, if Plaintiff wishes to proceed with the claims that have been dismissed without prejudice, she shall submit an amended complaint within **thirty (30) days** from the date

of this Order; and the Court further

**ORDERS** that the Clerk of the Court shall issue a summons and forward it with a copy of the complaint to the United States Marshal, along with a packet containing General Order 25, which sets forth this district's Civil Case Management Plan, for service upon Defendant; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

Dated: October 14, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge